UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation existing under the laws of the United States,

        Plaintiff,

v.

WELLINGTON INVESTMENTS, LLC, a Michigan limited liability company,

        Defendant.
_____/

CASE NO. 11-11414

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
STRIKE AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Wellington Investments, LLC's ("Wellington") Motion to Dismiss Plaintiff's Verified Complaint for Failure to State a Claim Upon Which Relief Can be Granted (Doc. No. 7), Defendant's Motion to Strike Plaintiff's Untimely Response to the Motion (Doc. No. 13), and Plaintiff's Motion for Appointment of a Receiver and for a Preliminary Injunction (Doc. No. 3). The Court heard oral argument on June 30, 2011. At the hearing, the Court **DENIED** Defendant's Motion to Strike, and at the conclusion of the hearing took the remaining matters under advisement. For the reasons that follow, Defendant's motion is **GRANTED**, and the Verified Complaint is **DISMISSED**.

**I. FACTS**

Plaintiff Federal National Mortgage Association ("Fannie Mae") filed its Verified Complaint against Defendant Wellington Investments LLC, on April 4, 2011. According to the Verified Complaint, Wellington entered into a mortgage loan with Arbor Commercial

Funding, LLC for a multifamily property in the amount of $1,650,000.  (Doc. No. 1, ¶¶ 6, 7.)  The mortgage includes an assignment of rents and leases with all income and revenues due to the mortgagee.  (Id. at ¶ 10.)  On January 3, 2007, Arbor assigned all of its rights, title, and interest in the mortgage and note to Fannie Mae.  (Id. ¶ 11.)

After Wellington failed to make payments in January, February, and March of this year, Fannie Mae accelerated the entire indebtedness.  (Doc. No. 1, Ex. D)  As of April 1, 2011, Wellington owes Fannie Mae principal in the amount of $1,569,386.73 on the Note, accrued interest at the rate of 9.9%, late charges, costs and expenses, and a prepayment premium.  (Id. at ¶ 15.)

In Count I, entitled "Enforcement of Mortgage (Assignment of Lease and Rents and for Appointment of Receiver)", Plaintiff asks the Court to appoint a receiver to take possession and control of the Mortgaged Property.  In Count II, Fannie Mae asks the Court for a Preliminary Injunction.   In its request for relief, Fannie Mae seeks: 1) a preliminary injunction against Wellington barring it from transferring, expending, distributing, concealing, destroying, damaging, or otherwise diminishing the Mortgaged Property until a receiver is appointed, or until Fannie Mae receives possession of the property; 2) an order appointing the Hayman Company as the receiver of the Mortgaged Property during the foreclosure and redemption period to collect rents and perform other necessary obligations respecting the property; and 3) an order requiring all persons who have possession or control of the Mortgaged Property to yield and deliver possession to the receiver.[1]

---

[1] "A receiver is an indifferent person between parties, appointed by the court to receive the rents, issue, or profits of land, or other thing in question, pending the suit,

Defendant moves for dismissal of the Verified Complaint for failure to state a claim.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007). Although the federal procedural rules do not require that the facts alleged in the complaint be detailed, "'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " Twombley, 550 U.S. at 555; Ashcroft v. Iqbal, 129 S.Ct. 1937,1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## III. ANALYSIS

Rule 66 of the Federal Rules of Civil Procedure authorizes a court to appoint a receiver. Federal law controls the appointment of a receiver in a diversity action. See Nat'l

---

where it does not seem reasonable to the court that either party should do it." Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 551 (6th Cir. 2006) (quoting 1 Clark on Receivers § 11(a) (3d ed.1959)).

P'ship Inv. Corp. v. Nat'l Housing Dev. Corp., 153 F.3d 1289, 1291 (11th Cir.1998) (citing cases); 12 Charles A. Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure § 2983, at 33 (2d ed. 1997) ("Whether a federal court should appoint a receiver in a diversity action appears to be a question properly determined on the basis of federal law.")

A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court. Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 551 (6th Cir. 2006). Because the appointment of a receiver is discretionary, it is made only when necessary to protect a party's interest in that property which is the subject of the action. Id. (noting that the vast majority of cases involving receivership are bankruptcy cases); Guy v. Citizens Fidelity Bank & Trust Co., 429 F.2d 828, 833-34 (6th Cir. 1970). Moreover, the appointment of a receiver is not an end in and of itself; rather, it is a means by which to reach some legitimate end. Kelleam v. Maryland Cas. Co. of Baltimore, 312 U.S. 377, 381 (1941). Consequently, a receiver may be appointed only as ancillary relief to a suit pending for primary relief.

This principle set forth in Kelleam is the basis of the dispute between the parties. They disagree as to how to characterize the Verified Complaint. Fannie Mae argues it is seeking specific enforcement of the contract; Defendant maintains Fannie Mae is merely seeking an appointment of a receiver. The Court considers their positions below.

Fannie Mae asserts that it is not simply asking the Court to appoint a receiver. Rather, it seeks to enforce the Note and Mortgage, specifically the provision that entitles it to collect rents and take possession of the Property upon default. Section 3(d) of the Mortgage reads in relevant part:

> . . .if an Event of Default has occurred and is continuing, regardless of the adequacy of Lender's security, without regard to Borrower's solvency and without the necessity of giving prior notice (oral or written) to Borrower, Lender may apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Property to take any or all of the actions set forth in the preceding sentence. If Lender elects to seek the appointment of a receiver for the Mortgaged Property at any time after an Event of Default has occurred and is continuing, Borrower, by its execution of this Instrument, expressly consents to the appointment of a receiver *ex parte* if permitted by applicable law.

(Doc. No. 1 at ¶ 23.)

According to Fannie Mae, courts commonly appoint receivers in situations involving a secured creditor in the process of foreclosing to aid in the collection of rents. It adds that receivership is imperative to maintain and improve the property and to increase its value before foreclosure. Further, a receiver will ensure that Fannie Mae receives some of its monthly rents until the Property is sold.

The Court agrees with Fannie Mae's position on the value of having a receiver in place, and without question, a receiver can be appointed where a party is proceeding with a foreclosure action. See e.g. Resolution Trust Corp. v. Fountain Circle Assoc., 799 F. Supp. 48 (N.D. Ohio 1992) (appointing a equity receiver to collect rents and manage mortgaged property during pendency of foreclosure action). Nevertheless, that is not the situation before this Court. In this case, Fannie Mae is not pursuing judicial foreclosure in this Court. Fannie Mae opted to pursue foreclosure by advertisement under Michigan law. In order to avail itself of this option, Fannie Mae cannot have filed an action or proceeding at law "to recover the debt secured by the mortgage or any part of the mortgage." See MICH. COMP. LAWS § 600.3402(1)(b). Yet, in the absence of an action on the debt, Fannie Mae wants to deprive Wellington of its right to possession during that time, an option that

would not be available under the Michigan foreclosure by advertisement statute.

More importantly, despite Fannie Mae's characterization of Count I of the Verified Complaint as "Enforcement of Mortgage," the sole relief sought in Count I is the appointment of a receiver. Specific performance of a contract is a remedy, not a cause of action. See Ruegsegger v. Bangor Twp. Relief Drain, 338 N.W.2d 410, 411 (Mich. Ct. App. 1983) (noting that as an equitable remedy, specific performance may be awarded where the legal remedy of damages is impracticable). In light of Supreme Court authority, this Court has ancillary jurisdiction to appoint a receiver only as a means to accomplishment the purpose of the action. "Where a final decree involving the disposition of property is appropriately asked, the court in its discretion may appoint a receiver to preserve and protect the property pending its final disposition. For that purpose, the court may appoint a receiver of mortgaged property to protect and conserve it pending foreclosure." Gordon v. Washington, 295 U.S. 30, 36 (1935). Here, Plaintiff seeks no final disposition of the property. See e.g. New York Cmty Bank v. Sherman Ave. Assoc., No. 11-0083, 2011 WL 1869395 (D.D.C. May 17, 2011) (denying request for appointment of receiver and noting no breach of contract or complaint for foreclosure had been filed). This Court's conclusion is not altered by other decisions issued from this district which have allowed the appointment. See Federal Nat. Mortg. Ass'n v. Mapletree Investors Ltd. Partnership, No. 10-10381, 2010 WL 1753112 (E.D. Mich. April 30, 2010); Fed. Nat'l Mortgage Assoc. v. Maple Creek Gardens, LLC, No. 09-14703, 2010 WL 374033 (E. D. Mich. Jan. 25, 2010).

In sum, in the absence of a breach of contract claim or a judicial foreclosure, the request for appointment of receiver is ancillary. The analysis is not altered by the fact that

Plaintiff has moved for the appointment through a request for the remedy of specific enforcement. The Verified Complaint seeks appointment as an end in and of itself. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion and **DISMISSES** the Verified Complaint. Accordingly, Plaintiff's Motion for Appointment of a receiver and for a Preliminary Injunction is moot.

**IT IS SO ORDERED.**


                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

Date:  July 15, 2011


## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.

                                                s/Bernadette M. Thebolt
                                                Case Manager